# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:10CV447 CEJ |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ricky Davis for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against the Missouri Department of Mental Health, St. Louis Psychiatric Rehabilitation Center facility.

Plaintiff alleges that he is being forced to take medication against his will. Plaintiff claims that the medication has caused him to suffer from gynecomastia, or enlargement of his breasts. Plaintiff further alleges that he has not been allowed to receive his legal mail.

**Discussion**

The complaint fails to state a claim against the Missouri Department of Mental Health because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948

F.2d 1084, 1086 (8th Cir. 1991). As a result, the complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e). If plaintiff wishes to bring suit under these facts, he must name as defendants the individuals responsible for the alleged violations of his rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **denied** as moot.

Dated this 24th day of March, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE